Wilds, J.
delivered the opinion of a majority of the court, (Waties, Brevard, and Wilds,) as to the second point, whether copies of plats and grants, certified by the Deputy Surveyor General and Deputy Secretary of State, are such copies as the act of 1803 requires, as follows :
Wilds, J. One of tho questions made by this brief is, whether a copy grant,,certified by the Deputy Secretary of State and Deputy Surveyor General, is admissible evidence under the act of 1803, for making office copie.! of grants, in certain cases, evidence ?
The act does not mention deputies, but requires the certificates Of the Secretary of State and Surveyor General. The second section of tne 10th article of our State constitution, provides “ that the Secretary of State and Surveyor General, shall hold their offi. ces both at Columbia and Charleston., That they shall reside at one place, and their deputies at a .other.”
To a right understanding and construction of this act, the nature of these offices, the subject matter of it, should be examined. By the above clause of the constitution? these offices are to be kept open as two places in the Stale, at the same time. Over one, the principal himself presides : over the other, the deputy. The deputy is an officer contemplated by the constitution. His acts, as such, are those of the principal, in the way the constitution intended they should be discharged. Though the office is designated by the name of the principal, the Secretary of State, or Surveyor General, the deputies at one place, and the principals at the other, are regarded as the keepers of the respective offices, and alone capable of certifying thé records thereof. To require, therefore, an act to be done by the Secretary of State or Surveyor General, is to require the doing of it in the way the law has provided for the discharge of their public duties by themselves, at the office over which they preside, or otherwise by their deputies; and this must .always foe understood, where no words of exclusion accompany the *518 law requiring these acts to be done. The principal being as liable for the acts of his deputy, as'for his own. The security to the public is the same. This construction alone will save the act of 1803 from absurdity, and give it the intended operation. The constitution, by requiring an officer at each office, presupposes the impossibility of one discharging the duties of both, and regards each as the confidential officer of his office. To require the Surveyor General, who resides in Columbia, to certify a record in the office of Charleston, which he never saw, and by law is not required to ne'e, is an absurdity the law never intended. The same of the Secretary of State, who resides in Charleston, as to the office at Columbia.
The object of the law, is the procuring of a fair copy, compared with the record, by the confidential servant of the office; and who he shall be, the constitution has defined. We are, therefore, of Opinion, that the certificates of the Deputy Secretary of State, and Deputy Surveyor General, regularly intitled the office copies produced in this case, ought to have been received in evidence.
As to the first point, whether a party is competent to prove the loss of his deed, in order to let in the copy as evidence; this-question is involved in the case of Ross v. M’Cartan. Mr. Wilds’ opinion, however, was as follows, although not delivered in this case.
One of the principal rules of evidence requires the production of the best evidence in the party’s power, and prohibits the receivmgof any testimony which shews better might be had. 1 think ihe testimony offered, was of this description. To in title a copy tu be lead in evidence, several steps are necessary. 1st. An original ust be proved to have existed, and not only to have existed, but to have been genuine. See 1 Aik. 440. These facts cannot be established by the party’s oath; they are capable, from their nature, of other and better proof, and by that better proof must be supported. The next step is, to prove its loss. And here at once it will appear, that the testimony of the party is not only the best, but in most ca.-es. the only proof of which this fact is susceptible. To give existei ce to a deed, the knowledge and assent of several are necessary; but when once complete, the entire custody of it belongs to the party. He alone can generally know how, and where it- is kept, and how disposed of. The rule, nemo impropria causa testis esse debet, does not prohibit a party’s admission to prove collateral points, introduc. tory to principal evidence. It is the true copy of a genuine deed, which is the principal testimony; the loss of the original only, col. *519 lateral and introductory. Cited 1 Fonbl. 19. The oath of the party at the loss of his deed, is an indispensable requisite to accompany a bill in equity for a discovery and relief.
Guimke, and Trezevant, Justices,
were of a different opinion ; that the act requires the certificates of the Secretary of State, and Surveyor General themselves; that the act, expressly mentioning theso principal officers, and not mentioning, their deputies, is a strong circumstance to shew that the legislature intended to confine this duty and trust to the principals, and not extend the same to then-deputies. As to the inconvenience which would result, if none hut these principal officers could certify, from their necessary absence from one or other of their offices, it tnay be answered, that this inconvenience is not greater than before the act passed ; the act does not create the inconvenience. These officers are at both their offices in ihe course of the year, and then they may be applied to.
Upon the other question made in this cause, viz : Whether a party is competent to prove the destruction, or loss of a grant, or deed, under which no chums, by his own oath, in order to be afterwards allowed to prove tne existence and contents of such grant, or deed, the court ■wen.*, divided in sentiment, until the result of the case of Ross v.M’Cartan ; wmch settled the question in the negative.
New trial granted.